```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

EVERS WELDING CO., INC,          :
                                 :
        Plaintiff,               :     NO. 1:09-CV-00945
                                 :
                                 :
    v.                           :     **OPINION AND ORDER**
                                 :
WESTCHESTER SURPLUS LINES        :
INSURANCE CO.,                   :
                                 :
        Defendant.               :

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Westchester Surplus Lines Insurance ("WSLIC") (doc. 8), Defendant's Motion to Set Aside Default and Motion for Extension of Time to File Response/Reply (doc. 10), Defendant's Motion to Set Aside the Clerk's Entry of Default (doc. 12), Plaintiff's Response in Opposition to Defendants' Motion to Set Aside Default (doc. 13) and Defendant's Reply to Plaintiff's Response to Motion to Set Aside Default (doc. 14).  For the reasons indicated herein, the Court DENIES Plaintiff's Motion for Default Judgment, GRANTS Defendant's Motions, and GRANTS Defendant's Motion to Set Aside Default Judgment.

**I.  Background**

This case arises from Plaintiff's claims under a general liability insurance policy issued by Defendant, relating to a construction-site accident on August 5, 2006 in West Chester, Ohio (doc. 1).  Plaintiff contends Defendant should have indemnified and defended it for damages arising from the accident, while Defendant

has refused coverage, claiming a contract exclusion applies (Id.).

Plaintiff filed a Complaint in diversity on December 30, 2009 alleging breach of contract, breach of duty of good faith and fair dealing, and seeking declaratory judgment that Defendant owes it coverage under the insurance contract (Id.).  Plaintiff served Defendant the summons and Complaint on January 4, 2010 (doc. 10). Defendant rerouted the envelope containing the summons and complaint from its registered agent, Mark Irwin, to John Weidman, who had recently been assigned to handle the claim (Id.).  Mr. Weidman claims he mistakenly assumed the documents were copies of the Complaint and the summons and waited until he received a return of service reflecting the actual date of service along with the actual service copies (Id.).  On January 25, 2010, two days after Defendant's Answer was due, Plaintiff filed a Request to Enter Default Judgment and the Clerk entered the Default on January 28, 2010 (Id.).  Plaintiff further filed the instant motion for Default Judgment (doc. 8).  Defendant learned of the Entry of Default on January 29, 2010, and telephoned Plaintiff to attempt to obtain Plaintiff's consent to an agreed order setting aside the Entry of Default (Id.).  Plaintiff refused to consent (Id.).  On February 5, 2010, Defendant filed the instant Motion to Set Aside Default (doc. 12), which Plaintiff opposes (doc. 13).  These matters are now ripe for consideration.

**II. Applicable Legal Standard to Set Aside Default Judgment**

The Court first notes that there has only been a clerk's entry of default in this case, and that a default judgment has not yet been entered. Under Rule 55(c), a district court should set aside default upon a showing of "good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the district court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). While courts consider these same three factors in evaluating whether to set aside a default judgment under Rule 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986); Waifersong, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment"). Thus, although "all three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." Shepard, 796 F.2d at 194. The

3

Sixth Circuit cases make it clear that prejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations. United States v. $ 22,050.00 United States Currency, 595 F.3d 318, 325 (6th Cir. 2010).

In addressing whether culpable conduct led to a default there must be either an intent to thwart judicial proceedings or a reckless disregard for the effect of the defendant's conduct on those proceedings. Shepard, 796 F.2d. at 194. In order to establish a meritorious defense, the movant must simply advance a defense "good at law," not necessarily one that will likely succeed. United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)). Stated differently, the defendant must show a hint of a suggestion creating some possibility that the outcome of trial will be contrary to the result achieved by default. Valvoline Instant Oil Change Franchising, Inc. et al v. Autocare Assocs., Inc., 1999 U.S. App. LEXIS 1227, at 13 (6th Cir. 1999); INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 399 (6th Cir. 1987). Finally, to be deemed prejudicial to the plaintiff, the setting aside of a default judgment must result in tangible harm such as loss of evidence, increased difficulties of discovery or a greater opportunity for fraud or collusion. Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996). Mere delay in satisfying a plaintiff's claim is not sufficient prejudice to require denial of a motion to set aside a default

judgment. United Coin Meter Co., 705 F.2d at 845.

**III. The Parties' Arguments**

Defendant attaches two affidavits to its motion in which it avers that the firm received the certified mail envelope containing the summons and Complaint on January 4, 2010 and that it was rerouted to the firm's Chief Claim Specialist John Weidman (doc. 11). Mr. Weidman attests that he reasonably believed, based on prior experience, that Defendant would receive a return of service which reflected the actual date of service along with the actual service copies (Id.). In Defendant's second affidavit, Defendant states its attorney contacted Plaintiff by telephone on the same day he was notified that an Entry of Default had been entered by the Clerk, in an attempt to obtain Plaintiff's consent to an agreed order setting aside the Entry of Default or an agreement not to oppose Defendant's anticipated motion to set aside the Entry of Default (doc. 12). Upon Plaintiff's request, Defendant sent Plaintiff the grounds upon which the set aside motion would be based, to which Plaintiff later refused to consent (Id.).

Defendant strongly disputes Plaintiff's claim that Defendant's culpable conduct led to the Entry of Default but rather contends that the failure to answer was caused by mere inadvertence (doc. 10). Defendant argues the facts show good cause exists under Federal Rule 55(c) to set aside the Default Judgment, because

Plaintiff will not be materially prejudiced by setting aside the judgment, and because Defendant has a meritorious defense (Id.). Defendant argues that although it made a mistaken assumption concerning court documents, it did not act to thwart the proceedings (Id.). Plaintiff will not be prejudiced by setting aside the default judgment, Defendant argues, because there will not be a loss of evidence, discovery difficulties, or an opportunity of fraud given the early stage of the litigation and the brevity of the delay (Id.). Defendant further argues it has a meritorious defense based on the facts as averred in its Motion to Set Aside (Id.).

Plaintiff argues that Defendant's conduct is culpable because Defendant is a sophisticated party as Mark Irwin is a registered agent who represents multiple insurance companies (doc. 13). Also, Plaintiff avers that Defendant's response is vague and incomplete and fails to demonstrate that minimal internal procedural safeguards are in place to avoid similar situations (Id.). Plaintiff claims that Defendant cannot advance a meritorious defense because the undisputed facts at the time Defendant's claim was denied established that under Ohio insurance law, Defendant's policy covered the relevant property damage. Finally, Plaintiff claims that it has been prejudiced as it has incurred substantial attorney fees and costs in defending the Entry of Default and that Defendant's conduct undermines the "confidence"

6

in the judicial process (Id.).

**IV. Analysis**

Having reviewed this matter, the Court finds Defendant's motion well-taken.  Plaintiff's arguments could be compelling if the instant case concerned a relief from a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  However, the instant case concerns relief from an clerk's entry of default under Rule 55(c), to which a less onerous standard for relief applies.  The Court will analyze the applicable factors in accordance with Waifersons Ltd., 976 F.2d 290, 292.

**A. Good Cause**

Although it appears that the Defendant was careless in its response to the Summons, carelessness is not enough to establish "culpable conduct" but rather Defendant's actions must have been taken in bad faith or to willfully delay the court proceedings. Tri-C Constr. Co. v. Bluegrass Steel Erectors, LLC, 2007 U.S. Dist. LEXIS 81402 (E.D. Ky. Nov. 1, 2007); See also Shepard, 796 F.2d. at 194-95 ("We do not believe it appropriate to attempt a precise definition of 'culpable conduct.' Where the party in default satisfies the first two requirements for relief and moves promptly to set side the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings").  In this case, Defendant

7

claims it mistakenly believed that the summons and complaint it received were not the actual service copies and waited to respond until it received the actual copies. However, upon recognition of its mistake, Defendant promptly responded by telephoning the Plaintiff and subsequently filing a Motion to Set Aside (doc. 10).

If there had been evidence that Defendant was intentionally avoiding the system or if there was an unreasonable delay between entry of default and the Defendant making an appearance then the Court would be correct in denying a motion to set aside. United States Currency, 595 F.3d at 325-26. However, the Sixth Circuit has found that if the party in default makes haste in acting then the court should be inclined to leniency. Shepard, 796 F.2d. at 194. Although Defendant is a sophisticated party, there is no evidence offered to show that its mistaken assumption occurred frequently nor that it was the result of an internal procedural error. While it appears Defendant's agents were careless, the Court cannot conclude that Defendant's actions were taken in bad faith or in an attempt to willfully delay the proceedings. After all, Defendant sought Plaintiff's agreement only four days after its Answer was due (doc. 14).

**B. Meritorious Defense**

On deciding whether a Meritorious Defense exists, the court is not required to determine the merits of the case but rather whether the defendant's case, if sustained, would change the

8

outcome. Further, in examining whether a meritorious defense has been submitted, the Court must resolve all ambiguous or disputed facts in favor of Defendant. INVST, 815 F.2d at 398.

Defendant claims that multiple exclusions and terms in the policy bar coverage for Plaintiff's insurance claim (doc. 10). Specifically, Defendant points to an exclusion barring coverage for property damage incurred to any equipment the insured rents (Id.). This action involves an insurance coverage dispute concerning a claim against Plaintiff by AmQuip Corporation in which it is alleged that Plaintiff breached a certain rental agreement by causing property damage to AmQuip equipment (Id.). Defendant argues that in Ohio, whether liability coverage exists for a claim made against an insured is determined by examining the allegations made against the insured. Am. Chem. Society v. Leadscope, 2005 Ohio App. LEXIS 2428. Under these alleged facts, it appears to the Court that Defendant has a meritorious defense. Accordingly, Defendant can advance defenses that are "good at law" and this action should be decided on its merits.

### C. Prejudice against Plaintiff

The Court is not convinced that Plaintiff would be prejudiced if the Court granted Defendant's motion to set aside. The Sixth Circuit encourages setting aside default to allow for resolution on the merits, which will unavoidably increase litigation costs. United States Currency, 595 F.3d at 325. The

9

Plaintiff does not explain how setting aside default in this case would increase litigation costs to a greater degree than would naturally occur in all cases of setting aside default.  Therefore increased litigation cost does not appear to be prejudicial (Id.). Plaintiff also argues that setting aside the default would undermine the confidence in the judicial process leading to similar behavior by Defendant in the future.  However, this "precedent for setting aside default has been around for quite a while, and applying precedent does not somehow create bad precedent" (Id.).

**V. Conclusion**

Having reviewed this matter, the Court concludes that Defendant merits the relief it seeks.  The Court, consistent with the relevant case authority, United Coin Meter Co. v. Seabord Coastline R.R., 705 F.2d 839, 846 (6th Cir. 1983), prefers to allow litigants to have their day in court for a trial on the merits, where there is no evidence of culpable conduct with regard to the entry of default.

Accordingly, the Court GRANTS the motion of Defendant to Set Aside the Clerk's Entry of Default(doc. 10), VACATES the Clerk's Entry of Default (doc. 9), and DENIES Plaintiff's motion for Default Judgment (doc. 8).

SO ORDERED.

Dated: July 21, 2010                s/S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge